# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 02/13/2020 12:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe, Deputy Clerk
20STCV05859

2/18/2020   2:20

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AMERICAN EXPRESS COMPANY, a New York Corporation; DOES 1 THROUGH 20, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

AARON BERGER, an individual

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles County - Stanley Mosk<br>111 North Hill Street<br>Los Angeles, CA 90012 | **CASE NUMBER:**<br>*(Número del Caso):*<br>20STCV05859 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Aaron Berger, Esq. 4338 1/2 Laurel Canyon Blvd., Studio City CA 91604 (818) 942-0228

Sherri R. Carter Executive Officer / Clerk of Court

| DATE: 02/13/2020<br>*(Fecha)* | Clerk, by _____ Candis Monroe<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* American Express Company, a New York Corporation
   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
www.accesslaw.com

Exhibit A - Page 5

Electronically FILED by Superior Court of California, County of Los Angeles on 02/14/2020 12:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe,Deputy Clerk
20STCV05859
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Monica Bachner

LAW OFFICES OF AARON BERGER
by AARON BERGER (SBN 285435)
4338 ½ Laurel Canyon Blvd.
Studio City, California 91604
(818) 942-0228

Attorney for Plaintiff
AARON BERGER

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| AARON BERGER, an individual<br><br>Plaintiff,<br>v.<br><br>AMERICAN EXPRESS COMPANY, a New York Corporation; DOES 1 THROUGH 20, INCLUSIVE<br><br>Defendants. | CASE NO.:   20STCV05859<br><br>**COMPLAINT FOR:**<br><br>1. NEGLIGENCE<br><br>2. FRAUD<br><br>3. VIOLATIONS OF THE FAIR CREDIT REPORTING ACT ("FCRA"), 15 U.S.C. § 1681<br><br>4. VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT ("CCRAA"), Cal. Civ. Code § 1785 et seq<br><br>5. VIOLATIONS OF BUS. & PROF. CODE § 17200, ET SEQ. |

COME NOW, AARON BERGER (hereinafter "Plaintiff"), based on personal knowledge as to her own conduct and actions, and based upon information and belief as to all others, who hereby alleges the following:

## PARTIES

1. AARON BERGER ("Plaintiff") at all times relevant hereto was, an individual residing in the county of Los Angeles, State of California.

1

2. Defendant AMERICAN EXPRESS COMPANY (hereinafter "AMEX") is, and at all times relevant hereto was, a New York Corporation actively conducting business within the state of California, county of Los Angeles.

3. The true names and capacities of Defendants sued herein as DOE Defendants are presently unknown to Plaintiff who therefore sues under these fictitious names. Upon ascertainment of the true names and capacities of these DOE Defendants, Plaintiff will seek leave to amend this Complaint to allege the same. Plaintiff is informed and based thereon alleges that DOE Defendants were and/or are, in some manner or way; responsible for and liable to Plaintiff for the events, happenings, and damages set forth below.

4. Plaintiff is informed and believes and based thereon alleges that at all times relevant hereto each of the Defendants was the agent, servant, employee, subsidiary, affiliate, partner, assignee, successor-in-interest, alter ego or other representative of each of the remaining Defendants and was acting in such capacity in doing the things herein complained of and alleged.

5. This dispute concerns two credit cards issued to Plaintiff by Amex.

6. One credit card was a Bonvoy business credit card with an account number of 379800027311006, ("the Bonvoy Card") for a company called Progressive Property Management LLC ("PPM").

7. The other credit card was a personal Platinum credit card with an account number of 373908971291003, ("the Platinum Card").

8. Plaintiff never missed a payment on the Platinum card and always paid the statement balances in full in a timely manner.

9. On or about November 5, 2019, an Amex representative (the "Agent") called Plaintiff to inform him that the Bonvoy Card was two payments behind.

2

10. Plaintiff informed the Agent that PPM was working on making a payment before the due date of November 21, 2019.

11. The Agent did not speak English very well.

12. Plaintiff and the Agent had trouble understanding each other.

13. It was clear that the Agent was not American or in America.

14. The Agent asked Plaintiff if PPM was planning on filing Bankruptcy.

15. Plaintiff replied that he was not aware of any Bankruptcy filing and he was certainly not entertaining the idea of personally filing bankruptcy.

16. Shortly thereafter, on November 13, 2019, Amex sent a letter stating that the Bonvoy Card and the Platinum Card were both being cancelled due to Plaintiff's impending Bankruptcy (the "Letter").

17. Amex cancelled both cards despite the fact that Plaintiff never filed Bankruptcy and never indicated to Amex that he was planning on filing bankruptcy.

18. The Bonvoy card was charged off and sent to a collection company, despite the fact that PPM was about to make a payment prior to being 90 days delinquent.

19. The Platinum Card was canceled, despite the fact that Plaintiff was current, paid the annual fee of $500 for him and $175 for his secondary cardholder and had a balance of 103,125 membership points (the "Points").

20. Once the Platinum Card was cancelled, the Points were lost.

21. The Points have a dollar value of approximately $2,062.50.

22. Plaintiff called AMEX immediately after receiving the Letter.

23. Plaintiff spoke to an agent in who acknowledged that both credit cards were cancelled due to Plaintiff filing bankruptcy and told Plaintiff that a case had been opened to reinstate the two

3

credit cards and investigate why the credit cards were cancelled despite the fact that Plaintiff hadn't filed bankruptcy (the "Open Case").

24. The AMEX agent instructed Plaintiff to wait a week and call back for an update.

25. Plaintiff waited a week and then called back. After being transferred several times to several different departments, Plaintiff was told to wait a week and call back to get an update on the Open Case.

26. Thereafter, Plaintiff called AMEX approximately once a week to get a status update on the Open Case.

27. Every time Plaintiff called, he was transferred several times and told to wait a week and call back.

28. On January 6, 2020, Plaintiff learned that Amex reported to consumer credit reporting agencies that the Bonvoy Card was charged off with a balance, causing his FICO score to drop by 41 points, right as he was in escrow to purchase a home.

29. AMEX furnished the false information despite the fact that it was on notice that it mistakenly cancelled the two credit cards.

30. However, none of the Bonvoy Card timely payments were ever reported as positive remarks to Plaintiff's personal Credit Report.

31. The drop in his FICO score caused Plaintiff's interest rate to raise by 3% from 3.85% to 6.85%.

32. The increased interest rate caused Plaintiff's monthly payment to increase by $1,853.

33. Consequently, the loan became unaffordable and Plaintiff had to cancel the escrow.

///

///

4

34. Plaintiff lost the home as a result of Amex's conduct causing him to suffer irreparable harm, in that, pursuant to Civil Code §3387, all real property is deemed "unique," so any injury/loss cannot be compensated in damage.

35. As such, cancelling the Bonvoy Card and the Platinum Card has caused Plaintiff to suffer severe and irreparable damages.

36. As soon as Plaintiff learned that Amex made a false reporting on his credit report he called Amex to dispute the reporting and to get an update to the Open Case.

37. An Amex agent told Plaintiff that AMEX had acknowledged that he disputed the credit reporting and then informed Plaintiff that after reviewing his file and account notes there was no indication that a case was ever opened regarding the canellation of the two credit cards.

38. Between January 6, 2020 and February 6, 2020, Plaintiff called AMEX approximately 5 separate times to get an update on the disputed credit reporting.

39. AMEX still has not given Plaintiff a response or even indicated that it has begun investigating the credit reporting dispute.

40. As such, this action became necessary.

**FIRST CAUSE OF ACTION**
**NEGLIGENCE**
**(Against All Defendants)**

41. Plaintiff repeats and re-alleges each of the preceding Paragraphs and incorporates the same as if set forth herein at length.

42. Under the circumstances alleged, AMEX owed a duty of care to Plaintiff when managing his credit card accounts.

43. Under the circumstances alleged, AMEX owed a duty of care to Plaintiff to report accurate information regarding Plaintiff's credit card accounts to consumer credit reporting agencies.

44. AMEX breached its duty of care by canceling Plaintiff's Bonvoy Card and Platinum Card due to the false representation that Plaintiff had filed Bankruptcy.

45. AMEX breached its duty of care by not reporting any of Plaintiff's timely payments towards the Bonvoy Card to consumer credit reporting agencies.

46. AMEX breached its duty of care by reporting the negligent charge off of the Bonvoy Card to consumer credit reporting agencies after it had knowledge that the Bonvoy Card was charged off based on false information regarding Plaintiff filing bankruptcy.

47. The injury to Plaintiff is certain, in that his credit has been damaged, his Platinum Points were lost, and he was not able to purchase the home he intended to move his young family into.

48. There is a close connection between Defendant's conduct and any injury actually suffered, because AMEX did not use reasonable care to ensure that Plaintiff filed bankruptcy prior to canceling the Platinum Card, charging off the Bonvoy Card, and reporting the charge off of the Bonvoy Card to consumer credit reporting agencies.

49. At all times material, AMEX failed to exercise prudence and diligence in its decision to cancel the Platinum Card, charge off the Bonvoy Card, and report the charge off of the Bonvoy Card to consumer credit reporting agencies.

50. As a proximate result of Defendants' negligent conduct, Plaintiff credit has been severely damaged.

51. As a proximate result of Defendants' negligent conduct, Plaintiff lost the Platinum Points.

52. As a proximate result of Defendants' negligent conduct, Plaintiff was not able to purchase consummate the purchase of a new home for his family.

53. Accordingly, as a result of Defendant's negligent conduct, Plaintiff has suffered, and will continue to suffer, compensatory, general and special damages in an amount to proof

6

54. Finally, pursuant to *Taylor v. Superior Court of Los Angeles County* (1979) 24 Cal. 3d 890, 896, Plaintiff is entitled to punitive damages as Defendants were aware of the probable dangerous consequences of their negligent conduct, and yet they willfully and deliberately failed to avoid those consequences.

## SECOND CAUSE OF ACTION
## FRAUD
### (Against All Defendants)

55. Plaintiff repeats and re-alleges each of the preceding Paragraphs and incorporates the same as if set forth herein at length.

56. Plaintiff never filed bankruptcy.

57. Plaintiff never informed AMEX that he filed bankruptcy.

58. Nevertheless, AMEX misrepresented the fact that Plaintiff filed bankruptcy as the reason why AMEX chose to cancel the Platinum Card and charge off the Bonvoy Card and then furnished the false information to consumer credit reporting agencies.

59. An agent at Amex informed Plaintiff that a case had been opened to reinstate the two credit cards and determine why the two credit cards were cancelled based on the false reason that Plaintiff filed bankruptcy.

60. AMEX knowingly made the misrepresentations in order to induce Plaintiff into relying to his detriment.

61. The AMEX agent knowing misrepresented the fact that the Open Case had been opened to deter Plaintiff from taking legal action.

62. Plaintiff relied on the AMEX agent's misrepresentation and acted as instructed by continuing to call back every week and not taking any legal action.

///

7

63. The misrepresentations were false as Plaintiff was told two months later that the Open Case was never opened.

64. The reliance was justified as AMEX is a notable company and Plaintiff has been a AMEX cardholder for 10 years.

65. As a proximate result of AMEX'S fraudulent misrepresentations, Plaintiff's credit has been severely damaged.

66. As a proximate result of AMEX'S fraudulent misrepresentations, Plaintiff lost the Platinum Points.

67. As a proximate result of AMEX'S fraudulent misrepresentations, Plaintiff was not able to purchase consummate the purchase of a new home for his family.

68. Accordingly, as a result of Defendant's fraudulent conduct, Plaintiff has suffered, and will continue to suffer, compensatory, general and special damages in an amount to proof.

69. Finally, pursuant to CAL. CIV. CODE § 3294, Plaintiff is entitled to punitive damages for the sake of example and by way of punishing the Defendants as they committed fraud on multiple occasions with malice and blatant disregard for the law.

## THIRD CAUSE OF ACTION
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT ("FCRA")
(Against All Defendants)

70. Plaintiff repeats and re-alleges each of the preceding Paragraphs and incorporates the same as if set forth herein at length.

71. Title 15 U.S.C. section 1681s-2(b) requires furnishers of credit information, upon notice from a consumer or a reporting agency of a dispute as to information provided by the furnisher, to take certain steps to investigate the disputed information, and correct the information if necessary within 30 days from receiving notice from the consumer.

72. "If any financial institution that extends credit and regularly and in the ordinary course of business furnishes information to a consumer reporting agency described in section 1681a(p) of this title furnishes negative information to such an agency regarding credit extended to a customer, the financial institution shall provide a notice of such furnishing of negative information, in writing, to the customer." 15 U.S. Code § 1681s–2(a)(7)(A)(i).

73. Furthermore, "a person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S. Code § 1681s–2(a)(1)(A).

74. Additionally, a person shall not furnish information relating to a consumer to any consumer reporting agency if the person has been notified by the consumer that specific information is inaccurate. 15 U.S. Code § 1681s–2(a)(1)(B).

75. Plaintiff contacted AMEX once he received notice from Experian that AMEX furnished negative information relating to Plaintiff's Bonvoy Card to consumer reporting agencies, yet over 30 days have passed and AMEX still has not provided Plaintiff with a determination if it is going to correct the information.

76. AMEX furnished negative information relating to Plaintiff's Bonvoy Card to consumer reporting agencies even though AMEX knew the information was inaccurate.

77. AMEX furnished negative information relating to Plaintiff's Bonvoy Card to consumer reporting agencies after Plaintiff notified AMEX that the specific information was inaccurate.

78. Finally, AMEX never provided Plaintiff with notice that it furnished negative information relating to Plaintiff's Bonvoy Card to consumer reporting agencies.

79. As such, AMEX violated the Fair Credit Reporting Act.

///

80. As a proximate result of Amex violating the Fair Credit Reporting Act, Plaintiff suffered damages in amount to be proven at trial.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT ("CCRAA"), Cal. Civ. Code § 1785 et seq**
**(Against All Defendants)**

81. Plaintiff repeats and re-alleges each of the preceding Paragraphs and incorporates the same as if set forth herein at length.

82. California Civil Code §1788.25(a) states, a person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate.

83. California Civil Code §11788.31 provides in part:

   (a) Any consumer who suffers damages as a result of a violation of this title by any person may bring an action in a court of appropriate jurisdiction against that person to recover the following:
     (1)   In the case of a negligent violation, actual damages, including court costs, loss of wages, attorney's fees and, when applicable, pain and suffering.
     (2)   In the case of a willful violation:
       (A) Actual damages as set forth in paragraph (1) above:
       (B) Punitive damages of not less than one hundred dollars ($100) nor more than five thousand dollars ($5,000) for each violation as the court deems proper;
       (C) Any other relief that the court deems proper.
   (b) Injunctive relief shall be available to any consumer aggrieved by a violation or a threatened violation of this title whether or not the consumer seeks any other remedy under this section.

84. AMEX furnished negative information relating to Plaintiff's Bonvoy Card to consumer reporting agencies even though AMEX knew the information was inaccurate.

///

///

10

85. AMEX furnished negative information relating to Plaintiff's Bonvoy Card to consumer reporting agencies after Plaintiff notified AMEX that the specific information was inaccurate.

86. As such, AMEX violated the California Consumer Credit Reporting Agencies Act (CCRAA).

87. As a proximate result of Amex violating the CCRAA, Plaintiff is entitled to recover his actual damages, including court costs and attorney's fees.

88. As a proximate result of Amex violating the CCRAA, Plaintiff is entitled to injunctive relief in the form of a court order instructing AMEX to remove the negative information relating to Plaintiff's Bonvoy Card that it reported to the consumer credit reporting agencies.

**FIFTH CAUSE OF ACTION**
**VIOLATIONS OF BUS. & PROF. CODE §§ 17200, ET SEQ.**
**(Against All Defendants)**

89. Plaintiff repeats and re-alleges each of the preceding Paragraphs and incorporates the same as if set forth herein at length.

90. California Business & Professions Code § 17200 ("UCL") bestows upon individuals a private right of action against unlawful business activities.

91. An "unlawful" business activity under the UCL includes anything that can properly be called a business practice and that violates state law.

92. A business practice is "fraudulent" under the UCL if it is likely to deceive the consuming public.

///

///

11

93. As alleged herein, Defendant engaged in deceptive business practices in connection with servicing Plaintiffs' two credit card accounts and in connection with reporting information to consumer credit reporting agencies.

94. Defendant's conduct, as hereinabove alleged, constitute "unlawful" practice because they violate the Fair Credit Reporting Act and the CCRAA.

95. These violations were and remain to be a matter of Defendant's standard corporate policy, and constitute a consistent pattern and practice of unlawful corporate behavior

96. Defendant's actions are against public policy, as the legislature enacted the Fair Credit Reporting Act and the CCRAA to protect consumers and regulate consumer reporting agencies to ensure that credit reporting agencies exercise their grave responsibilities with fairness, accuracy, impartiality, and a respect for the consumer's right to privacy.

97. The Fair Credit Reporting Act and the CCRAA were specifically created to protect consumers, such as Plaintiff, from the same type of deceptive, fraudulent and negligent conduct as AMEX displayed towards Plaintiff.

98. Due to Defendants' unlawful, unfair, and fraudulent business practices, Plaintiffs have suffered a substantial ascertainable loss and, therefore, pursuant to Business and Professions Code §§17203 and §17204, Defendants should be enjoined from continuing such practices.

99. Defendants' unfair and deceptive business acts or practices have caused a direct and proximate injury to Plaintiffs and the general public. Plaintiffs are entitled to relief, including full restitution and/or disgorgement of all revenues, earnings, profits,

12

compensation, and benefits that may have been obtained by Defendants as a result of such business acts or practices.

100. Finally, pursuant to CAL. CIV. CODE § 3294 Plaintiffs are entitled to punitive damages for the sake of example and by way of punishing the Defendants as they committed fraud on multiple occasions with malice and blatant disregard for the law.

**WHEREFORE**, Plaintiff prays for the following relief:

1. For a court order instructing Defendants to remove the negative information reported by AMEX to the consumer credit reporting agencies relating to Plaintiff's Bonvoy Card ;
2. For restitution in an amount to be proven at trial;
3. For compensatory, special, and general according to proof against all Defendants;
4. For civil penalties pursuant to statute.
5. For reasonable attorney's fees;
6. For reasonable costs of suit;
7. For punitive damages.
8. For other such relief as the Court deems appropriate.

Dated February 12, 2020                                LAW OFFICES OF AARON BERGER


By: Aaron Berger
Attorneys for Plaintiff

13